| | |
|---|---|
| 1 | JOHN D. VAN LOBEN SELS (SBN: 201354) |
| 2 | jvanlobensels@fishiplaw.com |
|   | JENNIFER J. SHIH (SBN: 276225) |
| 3 | jshih@fishiplaw.com |
| 4 | Fish & Tsang LLP |
|   | 333 Twin Dolphin Drive, Suite 220 |
| 5 | Redwood City, CA 94065 |
| 6 | Telephone: (650) 517-9800 |
|   | Facsimile: (650) 517-9898 |
| 7 | |
| 8 | Attorney for Plaintiff, |
|   | THE TIRE HANGER CORPORATION |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TIRE HANGER CORPORATION, a California corporation; | Case No. 5:16-cv-2668 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| SHINN FU COMPANY OF AMERICA, INC. and SHINN FU CORPORATION. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff The Tire Hanger Corporation ("Plaintiff" or "Tire Hanger") hereby pleads its claim for patent infringement against Defendants Shinn Fu Company of America, Inc. and Shinn Fu Corporation ("Defendants" or "Shinn Fu"), as follows:

## THE PARTIES

1. Plaintiff The Tire Hanger Corporation is a California corporation with a business address of 8608 Utica Avenue, Suite 220, Rancho Cucamonga, CA 91730.

2. Plaintiff is informed and believes, and based thereon alleges that Defendants market, sell, and distribute products in this district.

3. Upon information and belief, Defendants have U.S. offices located at 8411 154th Avenue NE, Redmond, WA 98052 and 10939 N. Pomona Avenue, Kansas City, Missouri 64153.

## NATURE OF THE ACTION

4. This is a civil action for infringement of patents arising under the laws of the United States relating to patents, 35 U.S.C. §1, *et seq*., including without limitation, 35 U.S.C. §§271, 281. Plaintiff Tire Hanger seeks a preliminary and permanent injunction and monetary damages for patent infringement.

## JURISDICTION AND VENUE

5. Tire Hanger re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district. Defendants are subject to personal jurisdiction in this judicial district because they employed and contracted distributors to market the accused products in this district.

1
COMPLAINT FOR PATENT INFRINGEMENT

8. On information and belief, Defendants are subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this district, and by virtue of its regularly conducted and systematic business contacts in this State. Defendants conducted business within this judicial district, including the acts complained herein. As such, Defendant have purposefully availed itself of the privilege of conducting business within this Judicial District. Defendants operate their business in this judicial district by employing multiple distributors in this district for their infringing products. Defendants have made, used, sold and/or offered for sale of its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within this district.

## FACTUAL BACKGROUND

9. Tire Hanger re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

10. Tire Hanger operates a business located in Rancho Cucamonga, California, which offers patented products for hanging tires on automotive lifts during servicing.

11. Plaintiff is the owner of all rights and title to United States Patent Numbers 6,604,610 ("the '610 Patent") and 6,681,897("the '897 Patent"), which pertain generally to methods and apparatus for supporting vehicle wheels that have been temporarily removed from a vehicle disposed on a lift or hoist, i.e. a tire hanger.

## THE ACCUSED PRODUCTS

12. Defendants design, manufacture, assemble and/or import products that constitute a material part of the invention claimed in the '610 patent and are installed on automotive hoists for use in practicing processes claimed in the '897 patent.

13. These products include, but are not limited to the OMEGA WHEEL ARM™, Model 92100, sold on Defendants' website at http://www.shinnfuamerica.com/ProductDetails/Omega/100LBWheelArm/92100/1772.

14. These products are sold under the OMEGA brand or as manufactured and sold under other brands including Rotary Lift's Wheel Wing, part FA5974 ("the Accused Products").

15. Plaintiff is informed and believes Defendants sell their infringing products in this District through local retail stores and distributors, including but not limited to O'Reilly Auto Parts, Walmart.com, Amazon.com, and eBay.com.

**THE PATENTS-IN-SUIT**

16. On August 12, 2003, U.S. Patent Number 6,604,610 ("the '610 Patent") entitled APPARATUS FOR SUPPORTING AUTOMOTIVE TIRES, was duly and legally issued by the United States Patent and Trademark Office. Roy Starling, Anthony Gibson and Martin Roden are the patent's named inventors and Plaintiff is owner, by assignment, of the entire right, title and interest in the '610 Patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '610 Patent is attached as Exhibit A to this Complaint.

17. Independent claim 1 of the '610 recites:

   A hoist used in raising and lowering an automotive vehicle, comprising:
       a moving member that raises and lowers along with the raising and lowering of the vehicle;
       a mount body disposed on the moving member;
       a hanger extending from the mount body, positioned, sized and dimensioned to receive and support a tire/wheel assembly removed from the vehicle and placed thereon while the vehicle is in a raised position; and
       a vertical member, and the moving member is substantially perpendicularly cantilevered off the vertical member.

18. On October 31, 2014, the Defendants filed a petition for *inter partes* review ("IPR") for claims 1, 3, 5, 7, and 11 of the '610 before the Patent Trial and Appeal Board ("PTAB").

19. On April 23, 2015, the PTAB denied Defendants' petition and did not institute an IPR on any of the challenged claims. A true and correct copy of the PTAB's decision denying institution of *inter partes* review is attached as Exhibit B to this Complaint.

20. Defendants did not appeal the PTAB's decision.

21. On January 27, 2004, U.S. Patent Number 6,681,897("the '897 Patent"), entitled, APPARATUS FOR SUPPORTING AUTOMOTIVE TIRES, was duly and legally issued by the United States Patent and Trademark Office. Roy Starling, Anthony Gibson and Martin Roden are the patent's named inventors and Plaintiff is owner, by assignment, of the entire right, title and interest in the '897 Patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '897 Patent is attached as Exhibit C to this Complaint.

22. On October 31, 2014, the Defendants filed an IPR petition for claims 1 through 5 of the '897 before the PTAB.

23. On April 22, 2016, the PTAB issued its final written decision concluding that Plaintiff demonstrated that the proposed substitute claims 6 through 10 of the '897 are patentable. A true and correct copy of the PTAB's final written decision is attached as Exhibit D to this Complaint.

24. Independent claim 6 of the '897 patent recites the following:

> A method for a human to use a support arm to temporarily retain a vehicle wheel during removal and reinstallation of the wheel with respect to a vehicle, comprising, in the following order, the steps of:
>     elevating the vehicle on an automotive hoist so that a support arm disposed on the hoist is at about the same height as a wheel of the vehicle, and the human can remove the wheel without bending over;
>     removing the wheel from the vehicle;
> carrying the wheel to the support arm, wherein the human carries an entire weight of the wheel;
>     hanging the wheel on the support arm, wherein the step of hanging the wheel on the support arm consists essentially of guiding a hole in the wheel over the support arm and releasing the wheel;
>     removing the wheel from the support arm substantially without the human bending over, wherein the step of removing the wheel from the support arm consists essentially of grasping the wheel and pulling the wheel clear of the support arm; and
>     reinstalling the wheel onto the vehicle.

# COUNT ONE

## INDUCED INFRINGEMENT OF THE '610 PATENT

25. Plaintiff re-alleges and incorporates herein by reference each and every allegation of paragraphs 1 through 24 above as though fully set forth here.

26. Upon information and belief, Defendants have induced and continues to induce others to infringe the '610 Patent under 35 U.S.C. §271(b) by, and with specific intent, actively aiding and abetting others to engage in the following actions that constitute direct infringement: 1) using and selling the Accused Products; and 2) combining the Accused Products with other components to form the claimed invention. Such other entities include Defendants' distributors, customers and end users of the '610 Patent Accused Products.

27. Exhibit E is a claim chart showing where each and every limitation of the claims 1, 3, 5, 7 and 11 of the '610 is infringed by the Accused Product.

28. Tire Hanger has been harmed by the Defendants' infringing activities.

29. The Defendants' continued infringement has been in reckless disregard of Tire Hanger's patent rights.

30. On information and belief, the Defendants' infringement has been and continues to be willful.

31. Based on the foregoing, Tire Hanger alleges that Defendants have infringed claims 1, 3, 5, 7, and 11 of the '610 Patent.

32. Defendants have since at least the filing of this complaint, had knowledge of the induced infringement of the '610 Patent.

# COUNT TWO

## CONTRIBUTORY INFRINGEMENT OF THE '610 PATENT

33. Plaintiff re-alleges and incorporates herein by reference each and every allegation of paragraphs 1 through 32 above as though fully set forth here.

34. In violation of 35 U.S.C. §271(c) Defendants' acts of contributory infringement of '610 Patent include its advertising, offering for sale, and selling the

Accused Products. Defendants had actual and constructive knowledge of the '610 patent and that Defendants' offers to sell and sales of the Accused Products would lead to infringement of the patent.

35. Exhibit E is a claim chart showing where each and every limitation of the claims 1, 3, 5, 7 and 11 of the '610 is infringed by the Accused Product.

36. Tire Hanger has been harmed by the Defendants' infringing activities.

37. The Defendants' continued infringement has been in reckless disregard of Tire Hanger's patent rights.

38. On information and belief, the Defendants' infringement has been and continues to be willful.

39. Based on the foregoing, Tire Hanger alleges that Defendants have infringed claims 1, 3, 5, 7, and 11 of the '610 Patent.

40. Defendants have since at least the filing of this complaint, had knowledge of the contributory infringement of the '610 Patent.

## COUNT THREE

## INDUCED INFRINGEMENT OF THE '897 PATENT

41. Plaintiff re-alleges and incorporates herein by reference each and every allegation of paragraphs 1 through 40 above as though fully set forth here.

42. Upon information and belief, Defendants have induced and continues to induce others to infringe the '897 Patent under 35 U.S.C. §271(b) by, and with specific intent, actively aiding and abetting others to engage in the following actions that constitute direct infringement: 1) performing the steps of the method claims in connection with the use of the '897 Patent Accused Products; 2) using and selling the Accused Products; and 3) combining the Accused Products with other components to form the claimed invention. Such other entities include Defendants' distributors, customers and end users of the '897 Patent Accused Products.

43. Exhibit E is a claim chart showing where each and every limitation of the claims 6, 7, and 9 of the '897 is infringed by the Accused Product.

44. Tire Hanger has been harmed by the Defendants' infringing activities.

45. The Defendants' continued infringement has been in reckless disregard of Tire Hanger's patent rights.

46. On information and belief, the Defendants' infringement has been and continues to be willful.

47. Based on the foregoing, Tire Hanger alleges that Defendants have infringed claims 6, 7, and 9 of the '897 Patent.

48. Defendants have since at least the filing of this complaint, had knowledge of the induced infringement of the '897 Patent.

## COUNT FOUR

## CONTRIBUTORY INFRINGEMENT OF THE '897 PATENT

49. Plaintiff re-alleges and incorporates herein by reference each and every allegation of paragraphs 1 through 48 above as though fully set forth herein.

50. In violation of 35 U.S.C. §271(c) Defendants' acts of contributory infringement of '897 Patent include its advertising, offering for sale, and selling the Accused Products. Defendants had actual and constructive knowledge of the '897 patent and that Defendants' offers to sell and sales of the Accused Products would lead to infringement of the patent.

51. Exhibit E is a claim chart showing where each and every limitation of the claims 6, 7, and 9 of the '897 is infringed by the Accused Product.

52. Tire Hanger has been harmed by the Defendants' infringing activities.

53. The Defendants' continued infringement has been in reckless disregard of Tire Hanger's patent rights.

54. On information and belief, the Defendants' infringement has been and continues to be willful.

55. Based on the foregoing, Tire Hanger alleges that Defendants have infringed claims 6, 7, and 9 of the '897 Patent.

56. Defendants have since at least the filing of this complaint, had knowledge of the contributory infringement of the '897 Patent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) That Defendants infringed the '610 and '897 Patents;

b) Compensation for all damages caused by Defendants' infringement of the Patents-in-Suit to be determined at trial;

c) A finding that this case is exceptional and award of reasonable attorneys' fees pursuant to 35 U.S.C. §285;

d) Granting Plaintiff pre-and post-judgment interest on its damages, together with all costs and expenses; and,

e) Awarding such other relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Tire Hanger hereby demands a jury trial.

**Dated:** December 29, 2016       **Respectfully submitted,**

By: /s/ John D. van Loben Sels
John D. van Loben Sels

*Counsel for The Tire Hanger Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's CM/ECF system on December 29, 2016.

**Respectfully submitted,**

By: /s/ John D. van Loben Sels
John D. van Loben Sels

*Counsel for The Tire Hanger Corporation*